FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 15 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIAN ALFORD,                          )
                                       )    3:07-cv-601-BES (VPC)
            Plaintiff,                 )
                                       )
    vs.                                )    **REPORT AND RECOMMENDATION**
                                       )    **OF U.S. MAGISTRATE JUDGE**
                                       )
NDOC, J, BENIDETTI, T. CORDA, MS.      )
IRACTABLE                              )    July 15, 2009
            Defendants.                )
                                       )

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#31). Plaintiff failed to oppose. In accordance with Fed. R. Civ. P. 56 and Local Rule 56-1, the court has thoroughly reviewed the record and defendants' motion and recommends that the defendants' motion be granted.

## I. HISTORY AND PROCEDURAL BACKGROUND

*Pro se* plaintiff Brian Alford ("plaintiff") was a pre-trial detainee housed by the Nevada Department of Corrections ("NDOC") at the Northern Nevada Correctional Center ("NNCC") (#31, p. 3). Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his Fifth Amendment right to due process,[1] his Fourteenth Amendment right to due process and equal protection of the law, and his Thirteenth Amendment right against involuntary servitude while he was housed at NNCC (#10, p. 4, #31

---

[1] Plaintiff's Fifth Amendment claims are improperly pleaded, as the Amendment applies only to claims against federal actors. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). None of the defendants in this case is a federal actor. Furthermore, plaintiff testified that he is not alleging any claim against the federal government and that his Fifth Amendment claims are inactive (D-MSJ 005, Dep., p. 16, l. 15-22). Accordingly, there are no issues of material fact and defendants' motion for summary judgment (#31) as to plaintiff's Fifth Amendment due process claim is granted.

1  pp. 3-6). Plaintiff names as defendants NDOC;[2] James Benedetti, associate warden of NNCC;

2  and Ronald Corda and Danielle A. Iractabal, caseworkers at NNCC (#10, p. 2).

3      The primary event leading to plaintiff's complaint was his transfer from the Churchill

4  County Detention Center ("CCDC") to NNCC at the request of the Churchill County Sheriff's

5  Department (#31, p. 3). In count 1, plaintiff alleges that the defendants transferred him to and

6  detained him at NNCC without the benefit of a hearing, and then forced him to perform prison

7  labor at NNCC even though he was a pre-trial detainee rather than a convicted inmate (#10, p.

8  4). Defendants moved for summary judgment on January 1, 2009 (#31, p. 1). On February 2,

9  2009, the court issued its standard *Klingele* order to inform plaintiff of the requirements for

10 opposing a dispositive motion (#35).[3] Plaintiff failed to oppose.

11     The court notes that plaintiff is proceeding *pro se*. "In civil rights cases where the

12 plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford the

13 plaintiff the benefit of any doubt." *Karim-Panahani v. Los Angeles Police Dep't*, 839 F.2d

14 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A.    Discussion

#### 1.    Summary Judgment Standard

18     Summary judgment allows courts to avoid unnecessary trials where no material factual

19 disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471

20 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact

21 remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.

22 Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view all

23 evidence and any inferences arising from the evidence in the light most favorable to the

24 nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the

---

26     [2]Defendant NDOC was dismissed from this suit in the court's screening order for lack of jurisdiction (#9, p. 3).

28     [3]The *Klingele* order the court sent to plaintiff's address at 619 Sinclair #2, Reno, NV 89501, was returned as "undeliverable" (#36). Plaintiff had previously filed a notice of change of address, which indicated the above address as current, seven weeks prior to the delivery (#29).

2

1  courts must

> [d]istinguish between evidence of disputed facts and disputed
> matters of professional judgment. In respect to the latter, our
> inferences must accord deference to the views of prison
> authorities. Unless a prisoner can point to sufficient evidence
> regarding such issues of judgment to allow him to prevail on the
> merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 526, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds

could differ on the material facts at issue, however, summary judgment should not be granted.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion,

and submitting evidence which demonstrates the absence of any genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its

burden, the party opposing the motion may not rest upon mere allegations or denials in the

pleadings but must set forth specific facts showing that there exists a genuine issue for trial.

*Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after

adequate time for discovery, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.    Procedural Analysis**

**1.    United States District Court for the District of Nevada Summary
Judgment Requirements**

Local Rule 7-2 states: "The failure of an opposing party to file points and authorities in

response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d).

Plaintiff was duly warned of the consequences of failing to file an opposition,[4] and he was

given ample time to do so. Pursuant to Local Rule 7-2, the court finds that plaintiff consents

to each of defendants' arguments concerning his constitutional claims. However, the court

considers whether plaintiff exhausted his administrative remedies, which is dispositive of this

---

[4]In addition to the standard *Klingele* order, defendants' attorney William Geddes specifically warned plaintiff in plaintiff's deposition about the consequences of him not keeping up-to-date with the lawsuit and that his inactivity would result in a judgment against him (#31, D-MSJ 036, p. 138, l. 15-17).

1  proceeding if he failed to do so.

2          **2.      Failure to Exhaust Administrative Remedies Under NDOC**
                   **Grievance Procedure**
3
4          In response to the sharp rise in the amount of claims and litigation brought by

5  prisoners under 42 U.S.C. § 1983 in the federal courts, Congress enacted the Prison Litigation

6  Reform Act of 1996 ("PLRA"), amended 42 U.S.C. 1997e. *See Woodford v. Ngo*, 584 U.S.

7  81, 84 (2006). According to the PLRA, a prisoner[5] housed in any prison cannot bring an

   action regarding conditions inside that prison under 42 U.S.C. § 1983 until his available
8
   administrative remedies are exhausted. 42. U.S.C. § 1997e(a) (2006). In the state of Nevada,
9
   prisoners exhaust their administrative remedies pursuant to the NDOC grievance system,
10
   which is governed by Administrative Regulation 740 (A.R. 740).
11
           The NDOC grievance system consists of three tiers. *See* A.R. 740.02, Ex. 17.  To
12
   exhaust his or her available remedies, a prisoner must: (1) initiate the procedure by filing an
13
   informal grievance;[6] (2) file a first level formal grievance appealing the informal grievance
14
   decision to the warden; and (3) file a second level formal grievance, which the Assistant
15
   Director of Operations decides.  *Id.*  After a grievance is filed at any level, the prison
16
   administration must respond within twenty-five calendar days.  *Id.*  Prisoners, on the other
17
   hand, must appeal a grievance within five calendar days after receiving a response.  *Id.*  If a
18
   prisoner is still dissatisfied with the prison administration once this process is complete, he or
19
   she may subsequently seek recourse in federal court.  *O'Guinn v. Lovelock Corr. Ctr.*, 502
20
   F.3d 1056, 1061 (9th Cir. 2007).
21
           Plaintiff's complaint cannot withstand summary judgment because he failed to exhaust
22
   his administrative remedies.  As a detainee, plaintiff is a "prisoner" as defined in 42 U.S.C. §
23

24  _____

25      [5]The statute defines the term "prisoner" as any person incarcerated or *detained* in any facility who is accused
   of violations of the criminal law. *Id.* at § 1997e(h) (emphasis added).

26      [6]The time limitation for a prisoner to submit his first and informal grievance depends on the nature of that
   grievance. If it involves personal property damage or loss, personal injury, medical claims or other tort claims, including
27  civil rights claims, a prisoner must file a grievance within six months of its occurrence. A.R. 740.02, Ex. 17.  If the
   grievance involves any other issues within the authority and control of the Department, including prisoner classification,
28  the informal grievance must be filed within ten days of its occurrence. *Id.*

                                                    4

1   1997e; therefore, he must exhaust the administrative remedies prior to filing his complaint in

2   federal court. 42 U.S.C. § 1997e(a), (h). A.R. 740.02 required plaintiff to commence the

3   grievance process for any claim related to his classification and work assignment within ten

4   days of the date on which the grievance arose (#31 p.16, A.R. 740.02 1.4.1.1, Ex. 17).

5   Defendants contend that plaintiff did not file a single grievance during the four weeks he spent

6   working in the culinary, and he also failed to file a grievance about his transfer to the NNCC

7   and his classification there.  Plaintiff has presented no evidence disputing defendants'

8   contentions; therefore, there is no issue of material fact and defendants' motion for summary

9   judgment is granted on all claims.

10                                **III. CONCLUSION**

11          Based on the foregoing reasons, the court concludes that by failing to oppose, plaintiff

12   has consented to the granting of defendants' motion (#31).  Furthermore, there are no issues of

13   material fact as to any of plaintiff's claims because plaintiff failed to exhaust his

14   administrative remedies.  Therefore, defendants' motion for summary judgment (#31) is

15   granted.

16          The parties are advised:

17          1.    Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

18   Practice, the parties may file specific written objections to this report and recommendation

19   within ten days of receipt.  These objections should be entitled "Objections to Magistrate

20   Judge's Report and Recommendation" and should be accompanied by points and authorities

21   for consideration by the District Court.

22          2.    This report and recommendation is not an appealable order and any notice of

23   appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

24   Court's judgment.

25

26

27

28
                                        5

1

## IV.  RECOMMENDATION

2          **IT IS THEREFORE RECOMMENDED** that defendants' motion for summary

3  judgment (#31) be **GRANTED**.

4          **DATED:** July 15, 2009.

5

6          _____

7          **UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28